IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CV-000465-M

DEANNA HICKS, on behalf of herself
and others similarly situated,

    Plaintiff,

v.

RALEIGH OPHTHALMOLOGY, P.C.,
a North Carolina professional corporation,

    Defendant.

ORDER

This matter comes before the court on Defendant's motion to dismiss [DE 13]. For the reasons that follow, Defendant's motion is denied in part and denied in part as moot.

## I. Plaintiff's Allegations of Fact

For purposes of this order, the factual allegations contained in Plaintiff's Complaint are treated as true. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

Plaintiff is a resident of Youngsville, North Carolina. DE 1 at 1. She has a cellular telephone (a "cell"), and registered her cell number on the Do Not Call registry almost two decades ago. *Id.* at 5. Fast forward to 2024, and Plaintiff was experiencing "some issues" with her vision, so she went to see "her optometrist." *Id.* at 6. "[H]er optometrist provided a referral to [Defendant]." *Id.* Plaintiff had no preexisting treatment relationship with Defendant and did not "fill out any paperwork or provide any consent to [Defendant] to receive pre-recorded or other solicitation calls." *Id.*

On the morning of April 11, 2024, Plaintiff "received an unsolicited pre-recorded call to her cell phone," which "stated that the call was from [Defendant]." *Id.* Plaintiff used "an

1

automated menu" to speak with "a live employee." *Id.* Once connected to live employee, the person on the other end of the line confirmed the call was from Defendant, and that Defendant "wanted to book an appointment for Plaintiff to get an eye examination." *Id.* Plaintiff said she was "not interested in booking an appointment with [Defendant]." *Id.*

As she hung up, Plaintiff noticed she had received a contemporaneous text message from Defendant which also requested that she book an appointment. *Id.* at 7. Plaintiff replied "STOP" to the text message. *Id.*

Several days later, Plaintiff received another automated and prerecorded call from Defendant. *Id.* Plaintiff again connected to a live employee, informed the employee "that she would not do business with a company that was placing unsolicited pre-recorded calls to her cell phone," and "asked the employee to make sure that [Defendant] would not call her cell phone number again." *Id.*

The next week, Plaintiff received another unsolicited call from Defendant, but this one was from a live employee. *Id.* at 8. When she answered the call, Plaintiff reiterated that Defendant "was not supposed to be calling her cell phone number." *Id.* The employee promised that they would remove Plaintiff's number from Defendant's system. *Id.*

But, several days later, Plaintiff received yet another automated and prerecorded call from Defendant. *Id.* Plaintiff again connected with a live employee, and informed the employee that "she would never do business with [Defendant] because of the unsolicited pre-recorded calls." *Id.* The employee connected Plaintiff with a manager, and Plaintiff repeated her request that Defendant cease calling her. *See id.* at 9. The manager "confirmed" that Defendant "would stop calling Plaintiff's cell phone number." *Id.*

2

Notwithstanding that assurance, the following week Plaintiff "received another unsolicited pre-recorded call to her cell phone" from Defendant. *Id.* This action followed.

## II. Procedural History

Plaintiff instituted this federal action on August 14, 2024. DE 1. She brings three claims for relief under the Telephone Consumer Protection Act ("TCPA"): (1) prerecorded calls without consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii), (2) telephone solicitation to an individual on the Do Not Call registry in violation of 47 C.F.R. § 64.1200(c), and (3) failure to maintain a list of persons who request not to receive telemarketing calls in violation of 47 C.F.R. § 64.1200(d). *Id.* at 12-16. Plaintiff also makes allegations on behalf of a putative class of similarly situated individuals and seeks class certification. *Id.* at 4-5, 10-12.

In lieu of filing an answer, Defendant filed the motion to dismiss. DE 13. Defendant argues that Plaintiff's first claim should be dismissed because Plaintiff provided prior express consent for the calls and, even if she did not, they are healthcare calls exempted from TCPA liability. DE 13-1 at 10-12. Defendant next contends that Plaintiff's second claim should be dismissed because medical referrals are not telephone solicitations within the meaning of the TCPA. *Id.* at 13-14. Defendant then asserts that Plaintiff's third claim is subject to dismissal because the automated calls to Plaintiff were not for telemarketing purposes. *Id.* at 14-16. Lastly, Defendant challenges the class definitions for Plaintiff's first two claims. *Id.* at 12-14.

In response, Plaintiff expressly abandoned her second and third claims. DE 20 at 1 n.1. But she argues that her first claim should survive Defendant's motion because the Complaint specifically alleges that Plaintiff did not provide Defendant with prior consent to call her. *Id.* at 5. Plaintiff also asserts that, even if she had initially provided consent, she revoked that consent but

3

Defendant continued to call her. *Id.* at 5-6. Defendant filed a reply, DE 24, and this matter is ready for decision.

### III. Standards of Review

#### a. The TCPA

"Americans passionately disagree about many things" but "are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 591 U.S. 610, 613 (2020). "The federal government's efforts to combat unwanted robocalls have spanned nearly three decades, involving two federal agencies and a number of congressional enactments." *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687, 692 (D.C. Cir. 2018). As part of those efforts, and pertinent to this action, "Congress enacted the Telephone Consumer Protection Act [in] 1991." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

Among other prohibitions, and subject to certain exceptions, the TCPA "makes it unlawful" for any person to call someone's "cellular telephone" using "an automatic telephone dialing system or an artificial or prerecorded voice message" unless the "called party" has provided "prior express consent." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 373 (2012) (referencing 47 U.S.C. § 227(b)(1)(A)(iii)). In other words, and "plain English, the TCPA prohibit[s] almost all robocalls to cell phones." *Barr*, 591 U.S. at 615. "The TCPA [also] restricts the telephone solicitations that can be made to" phone numbers on the Do Not Call registry. *Krakauer*, 925 F.3d at 649; *see also* 47 C.F.R. § 64.1200(c). And "the TCPA sets forth 'technical and procedural standards' with which telemarketers must comply to avoid liability." *Ford v. NaturaLawn of Am., Inc.*, No. 24-CV-354, 2024 WL 3161762, at *3 (D. Md. June 25, 2024) (quoting 47 U.S.C. § 227(d)); *see also* 47 C.F.R. § 64.1200(d).

4

b. Motions to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992); *see also Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). As a result, the court accepts the complaint's factual allegations as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And importantly, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Likewise, "[l]abels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement will not suffice." *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 211 (4th Cir. 2019). Ultimately, when considering a motion to dismiss, the court must "draw on its judicial experience and common sense" to determine whether the complaint "states a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

**IV. Analysis**

a. Counts 2 and 3

The court will start with Plaintiff's second and third claims. As noted previously, in responding to Defendant's motion to dismiss, Plaintiff stated that she "is pursuing only Count I of

5

the Complaint under the TCPA's robocalls provision" and "is not pursuing Counts II or III of the Complaint under the TCPA's National Do Not Call Registry and internal do not call provisions." DE 20 at 1 n.1. The court finds that Plaintiff's response represents a "clear and unambiguous" abandonment of her second and third claims. *AirFacts, Inc. v. de Amezaga*, 909 F.3d 84, 91 (4th Cir. 2018) (explaining that party abandons claim when it "represent[s] that it d[oes] not intend to pursue the claim"); *Grace v. Cronk*, No. 5:20-CT-03133, 2022 WL 22228260, at *6 (E.D.N.C. Sept. 7, 2022) (dismissing certain of plaintiff's claims where his "response clearly indicates his abandonment of [those] claims), *aff'd*, No. 22-7110, 2023 WL 8945934 (4th Cir. Dec. 28, 2023). Accordingly, the court dismisses Plaintiff's second and third claims and denies as moot the portions of Defendant's motion to dismiss that address those claims.

    b. Count 1

Defendant raises three arguments to support dismissal of Plaintiff's first claim, which alleges that Defendant placed prerecorded calls to Plaintiff without her consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii). DE 1 at 12-13. None of Defendant's arguments warrant dismissal at this stage of the proceedings.

First, Defendant asserts that the calls in question were made "*with* the prior express consent of the called party," and therefore cannot subject Defendant to liability under 47 U.S.C. § 227(b)(1)(A)(iii). DE 13-1 at 10 (emphasis added). On that front, Defendant contends that Plaintiff's claim fails because she "plainly released her phone number to her optometrist," and therefore must have "consented to Defendant's calls." DE 13-1 at 11 (internal quotation marks omitted). Crediting this contention would require the court to reject the Complaint's factual allegations and draw two inferences in Defendant's favor, but on a motion to dismiss the court

6

must accept the Complaint's "well-pled facts as true," *Nemet Chevrolet*, 591 F.3d at 255, and "draw all reasonable inferences in favor of the plaintiff," *King*, 825 F.3d at 212.

Here, the Complaint contains no allegation regarding whether Plaintiff provided her cell phone number or prior consent to her optometrist. *See* DE 1. But the Complaint specifically alleges that "Plaintiff did not fill out any paperwork or provide any consent to [Defendant] to receive pre-recorded or other solicitation calls." *Id.* at 6. Even if it were reasonable to infer that Plaintiff provided her cell number to her optometrist (though the Complaint is silent on this topic), it does not necessarily follow that the scope of consent Plaintiff may have provided to her optometrist extends to calls from third-party healthcare providers with whom Plaintiff had no preexisting relationship, such as Defendant. Making that conclusion would require rejecting an allegation in the Complaint, *see id.*, and drawing two inferences in Defendant's favor, which at this stage the court may not do, *Nemet Chevrolet*, 591 F.3d at 255; *King*, 825 F.3d at 212.

Ultimately, whether Plaintiff provided prior consent to her optometrist (and the scope of any such consent) is a factual issue. "Prior express consent is" not an element of a TCPA claim, but rather "an affirmative defense to liability." *Beard v. John Hiester Chevrolet, LLC*, 640 F. Supp. 3d 420, 428 (E.D.N.C. 2022). Because it is an affirmative defense, "the defendant bears the burden of proof." *Bradley v. DentalPlans.com*, No. 20-CV-1094, 2024 WL 2865075, at *5 (D. Md. June 6, 2024). And district courts may only reach the merits of an affirmative defense on a motion to dismiss "if all facts necessary to the affirmative defense clearly appear *on the face of the complaint*." *Goodman*, 494 F.3d at 464 (cleaned up) (emphasis in original). Such an occurrence is "relatively rare," *id.*, and not the case here because the Complaint expressly contradicts Defendant's position that Plaintiff provided prior consent for Defendant to make prerecorded calls

7

to her. DE 1 at 6. Thus, Defendant's first argument is premature and does not support dismissal of Plaintiff's claim.

Second, Defendant argues that the prerecorded calls to Plaintiff are healthcare calls exempt from liability under the TCPA pursuant to 47 C.F.R. § 64.1200(a)(9)(iv).[1] Based on the well-pleaded factual allegations in the Complaint, the court is not convinced.

For one, to qualify under this exemption, the prerecorded calls must be "strictly limited to [certain] purposes," one of which is "appointment and exam confirmations and reminders." 47 C.F.R. § 64.1200(a)(9)(iv)(C); *see also* DE 13-1 at 11-12 (arguing that the calls were for this purpose). Here, Plaintiff alleges that she had no existing treatment relationship with Defendant; her optometrist recommended Defendant's services, and Defendant then placed prerecorded calls to her in order "*to book* an appointment for Plaintiff to get an eye examination." DE 1 at 6 (emphasis added).[2] Because Plaintiff had not yet booked an appointment or examination with Defendant at the time Defendant placed prerecorded calls to her, there was no existing treatment relationship and no appointment or examination to "confirm[]" or "remind[]" Plaintiff of. 47 C.F.R. § 64.1200(a)(9)(iv); *cf. Zani v. Rite Aid Headquarters Corp.*, 246 F. Supp. 3d 835, 852 (S.D.N.Y. 2017) (holding that flu shot reminder call from pharmacy to patient who had received flu shot from same pharmacy the prior year satisfied healthcare call exemption because call occurred "within the confines of an *established* health care treatment relationship") (emphasis

---

[1] In response, Plaintiff contends that "the health care exception applies only in instances where there is at least" prior express consent. DE 20 at 5. But there are two healthcare call exemptions to TCPA liability: telemarketing calls that deliver a health care message, 47 C.F.R. § 64.1200(a)(2), and the healthcare treatment exception, 47 C.F.R. § 64.1200(a)(9)(iv). The former requires "prior express consent," whereas the latter is exempt from "from *any* consent requirement at all." *Derossett v. Jonathan C. Patrowicz, D.O., P.A.*, No. 21-CV-1294, 2022 WL 4448859, at *6-8 (D. Md. Sept. 23, 2022) (emphasis in original). Defendant argues that the prerecorded calls meet the healthcare treatment exemption of 47 C.F.R. § 64.1200(a)(9)(iv), so the presence or absence of prior consent does not bear on the issue.

[2] To be clear, the TCPA would not have prohibited one of Defendant's employees from calling Plaintiff to set up an appointment after the referral from her optometrist. The relevant provision of the TCPA only proscribes the use of "an artificial or prerecorded voice" to make such a call. 47 U.S.C. § 227(b)(1)(A)(iii).

8

added), *aff'd sub nom. Zani v. Rite Aid Hdqtrs. Corp.*, 725 F. App'x 41 (2d Cir. 2018). Defendant has not identified any authority to support that the TCPA authorizes an entity to make a prerecorded call to an individual to book an appointment prior to establishing a treatment relationship with that individual, and the court has been unable to locate any.[3]

But more importantly, even if the first prerecorded call qualified under this exemption, "[a] healthcare provider must honor opt-out requests immediately." 47 C.F.R. § 64.1200(a)(9)(iv)(H). And here, Plaintiff informed Defendant during the first call "that she was not interested in booking an appointment with [Defendant]," and replied "STOP" to a text message she received from Defendant that same day. DE 1 at 6-7. Notwithstanding Plaintiff's efforts, Defendant continued to place prerecorded calls to Plaintiff for several weeks. *See id.* at 7-9. Therefore, even putting aside the first prerecorded call, the Complaint alleges several other calls that would not qualify as healthcare calls exempt from TCPA liability because Defendant did not "immediately" honor Plaintiff's "opt-out requests." 47 C.F.R. § 64.1200(a)(9)(iv)(H); *see also Coleman v. Rite Aid of Georgia, Inc.*, 284 F. Supp. 3d 1343, 1346 (N.D. Ga. 2018) (holding that healthcare treatment exemption does not apply to prerecorded calls placed after individual has requested that calls stop); *Clair v. CVS Pharmacy, Inc.*, 222 F. Supp. 3d 779, 780 (N.D. Cal. 2016) (same). For those reasons, Defendant's second argument does not warrant dismissal of Plaintiff's claim.

Lastly, Defendant asserts that Plaintiff's class definition for this claim "would sweep in" many individuals "for whom there is no liability." DE 13-1 at 12-13. Quite possibly. Imprecise wording in a class definition may "raise serious ascertainability issues." *EQT Prod. Co. v. Adair*, 764 F.3d 347, 359 (4th Cir. 2014). But that would constitute a basis to deny class certification,

---

[3] Likewise, Defendant has not developed any argument that, in making the calls, it operated as "a HIPAA-covered entity" or "business associate" acting on behalf of the optometrist. *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 8028-29 (2015).

9

not to dismiss Plaintiff's claim under Rule 12(b)(6). Accordingly, Defendant's third argument is better reserved for opposing class certification.

## V. Conclusion

Defendant's motion to dismiss [DE 13] is DENIED IN PART as to Count 1, and DENIED IN PART AS MOOT as to Counts 2 and 3. Because Plaintiff has abandoned Counts 2 and 3, those claims are DISMISSED.

SO ORDERED this 7th day of April, 2025.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE